# EXHIBIT A

Promissory Note

# PROMISSORY NOTE

$1,250,000.00

Dated: _____, 2022                    _____, ~~Minnesota~~ JF
                                              California

    FOR VALUE RECEIVED, 4315 Pine Warbler Properties LLC, a Minnesota limited liability company (the "Maker"), hereby promises to pay to Northwoods Management LLC, a Minnesota limited liability company (the "Holder") at 2602 Jeanne Lane, Eau Claire WI 54703, the principal amount of One Million Two Hundred Fifty Thousand and 00/100 U.S. dollars ($1,250,000.00) together with interest thereon pursuant to the terms of this Promissory Note ("Note").

1. Payment of Principal and Interest.

    (a) Interest Rate. Interest will accrue on the outstanding principal amount of this Note at a fixed rate of 4.00% per annum. Interest will be computed on the basis of a 364/365-day year.

    (b) Repayment of Interest. Commencing on _____, 2022, and on the ___ day of each month thereafter, Maker shall pay to Holder payments of interest only, in the amount of $4,166.67.

    (c) Maturity Date. This Note shall mature on the date five (5) years after the date hereof (the "Maturity Date").

    (d) Repayment in Full. Maker shall pay to Holder all unpaid principal and all accrued, unpaid interest on the Maturity Date, as shown in the attached amortization schedule OR upon the written demand of the Holder, in the event that the Maker receives a bona fide offer for purchase the property commonly known as _____ (the "Property") and completes the sale of the Property. Said written demand for payment will provide Maker thirty (30) days for full repayment.

    (e) Late Payments. Any payment made ten (10) days past the due date shall result in the assessment of a late fee equal to five percent (5%) of the required payment.

    (f) Optional Prepayment. The Maker may, at any time and from time to time, without premium or penalty, prepay all or any portion of the unpaid principal amount of this Note to Holder together with all unpaid interest which has accrued to the date of such prepayment.

    (g) Application of Payments. Unless otherwise agreed in writing or required by applicable law, payments will be applied first to any unpaid collection costs; then to any late charges; then to any accrued unpaid interest; and then to principal. Maker will pay Holder at Holder's address provided above or at such other place as Holder may designate in writing. All payments of principal, interest, fees and expenses under this

1

Note shall be made without set-off or counterclaim in immediately available funds in lawful money of the United States of America on the dates called for under this Note.

(h)     Timing of Payments. Notwithstanding anything to the contrary set forth herein, if any payment on this Note becomes due on a day other than a Business Day, then such payment will be made on the next Business Day; provided, however, if the Maturity Date is not on a Business Day, the principal amount outstanding under this Note, together with all accrued and unpaid interest, will be due and payable on the Business Day immediately preceding the Maturity Date. As used in this Note, the term "Business Day(s)" shall mean all days, excluding Saturdays, Sundays, and all days observed as legal holidays in the State of Minnesota.

2.   Default. The occurrence of any one or more of the following events shall constitute an "Event of Default" under this Note:

(a)   Maker fails to provide written notice of a transfer of interests in the Property or in the Maker to Holder, when required, as stated herein; or

(b)   Maker fails to make when due, whether by acceleration or otherwise, any payment of principal of or interest on this Note or any fee or other amount required to be paid to the Holder hereunder; or

(c)   The appointment of a receiver for any part of the property of Maker, the making by Maker of an assignment for the benefit of a creditor, or the initiation by or against Maker of any case or proceeding under the Federal Bankruptcy Code or any other state or federal insolvency law; or

(d)   The death of the Guarantor (defined below); or

(e)   Maker fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Maker and Holder.

3.   Remedies. If an Event of Default shall occur and be continuing, then the Holder may take any or all of the following actions: (i) declare the outstanding unpaid principal balance of this Note, the accrued and unpaid interest thereon and all other obligations of Maker to the Holder to be forthwith due and payable, whereupon the outstanding unpaid principal balance of this Note, all accrued and unpaid interest thereon and all such obligations shall immediately become due and payable, in each case without demand or notice of any kind, all of which are hereby expressly waived, anything in this Note or any other agreements to the contrary notwithstanding, (ii) exercise all rights and remedies hereunder, and (iii) enforce all rights and remedies under any applicable law. Failure to exercise any right or remedy provided for or referenced herein shall not constitute a waiver of the right to exercise the same in connection with the applicable Event of Default or any subsequent Event of Default.

4. <u>Guaranty</u>. Repayment of this Note is personally guaranteed by an Unconditional Guaranty of Payment and Performance of even date given by Ed Mylett ("Guarantor") in favor of Holder.

5. <u>Security</u>. This Note is secured by real estate mortgage (the "Mortgage") of even date given by Maker in favor of Holder against the Property. In the event of a Default as defined herein, the Holder may foreclose the Mortgage.

6. <u>Transfer of Membership Interest; Additional Guarantees</u>. In the event that ten percent (10%) or more of the membership interest in the Maker is sold or transferred to a third party, Maker shall notify the Holder in advance of said sale or transfer. The Holder may, at its sole discretion, require an additional guaranty from the purchaser or transferee. The Holder may require the additional guaranty be personal or may accept a corporate guaranty. Failure to provide notice is a Default as defined in Section 2 of this Note.

7. <u>Transfer of the Property from Maker; Notice</u>. In the event Maker desires to transfer the Property, as defined herein, either in whole or in part, to another entity, individual, or otherwise, the Maker shall notify the Holder in writing, prior to said transfer. Holder may, at its sole discretion i) require payment of the Note in full prior to said transfer; or ii) demand the Note be assigned and assumed by the transferee(s) and require additional guarantees from those individuals who are a member of the transferee(s) of the Property and/or who have an ownership interest of 10% or more in said entity, or cancel this Note and demand a new note be executed by transferee(s). Further, if the Note is assigned to the transferee(s) or a new note is signed by the transferee(s), Holder shall have the right at its sole discretion to require the Mortgage be assigned to the new transferees or a new mortgage be executed between Holder and transferees. Failure to notify the Holder of a transfer under this provision is a Default under this Note, as defined in Section 2.

8. <u>Fees and Costs</u>. In the event of a default in the payment or performance of any obligation due or required by this Note, or documents incorporated herein, Maker shall be liable to Holder for reasonable attorneys' fees and collection costs incurred by Holder in enforcing its rights under the terms of this Note, regardless of whether or not legal action is commenced.

9. <u>Business Purpose</u>. Maker represents and warrants to Holder that the indebtedness evidenced by this Note was used solely for business purposes. The execution, delivery, and performance of this Note by Maker will not cause any breach or default under any contract or other agreement under which Maker is a party and will constitute the legal, valid, and binding obligations of Maker. The obligation of Maker to repay the indebtedness evidenced by this Note is absolute and unconditional, and nothing has occurred that would give Maker grounds to assert a defense, offset or counterclaim to the obligations of Maker to repay such indebtedness.

10. <u>Waiver</u>. Maker hereby waives demand, presentment for payment, notice of nonpayment, protest and notice of protest hereon, and agrees that when or at any time after this

Note becomes due, the Holder may, without notice, offset or charge this Note against any amounts owed by Holder to Maker.

11. <u>Time is of the Essence</u>. Time is of the essence of this Note and each of the provisions hereof.

12. <u>WAIVER OF JURY TRIAL</u>. THE PARTIES JOINTLY AND SEVERALLY WAIVE ANY AND ALL RIGHT TO TRIAL BY JURY WITH REGARD TO ANY ACTIONS, CLAIMS, DISPUTES OR PROCEEDINGS ARISING OUT OF OR IN CONNECTION WITH THIS NOTE. EACH OF THE PARTIES REPRESENTS THAT THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY GIVEN.

13. <u>Governing Law</u>. This Note shall be governed and construed in accordance with the internal laws of the state of Minnesota.

14. <u>Severability</u>. It is intended that each paragraph of this Note shall be viewed as separate and divisible, and in the event that any paragraph shall be held to be invalid, the remaining paragraphs shall continue to be in full force and effect.

15. <u>Modifications</u>. All modifications to this Note shall be in writing and signed by all parties hereto or their successors, assigns, or representatives.

16. <u>Miscellaneous</u>. If for any reason whatsoever the interest and other consideration payable to Holder hereunder exceeds the limit prescribed by any applicable usury statute or any other applicable law, then such interest and other consideration shall be reduced to the limit provided in such statute or law, so that in no event shall such interest and other consideration be in excess of such limit. If any payments of interest or other consideration have been made to Holder in excess of such limits, such excess amount shall be applied to the principal balance or, if the Note has been fully paid, refunded to Maker. This provision shall control every other provision of all agreements between Maker and Holder and shall also be binding upon and available to any subsequent holder of this Note.

[Signature page follows]

IN WITNESS WHEREOF, Maker has executed this Promissory Note as of the date first above written.

MAKER:

4315 Pine Warbler Properties LLC,
a Minnesota limited liability company

By: Ed Mylett
Its: Managing Member

[Signature page to Promissory Note dated _____, 2022, payable to the order of Northwoods Management LLC in the principal amount of $1,250,000.00.]