# EXHIBIT B

Personal Guaranty

## UNCONDITIONAL GUARANTY OF PAYMENT AND PERFORMANCE

THIS UNCONDITIONAL GUARANTY OF PAYMENT AND PERFORMANCE (the "Guaranty") is made and entered into as of _____, 2022, by Ed Mylett, an individual and resident of the State of California ("Guarantor") to and in favor of Northwoods Management LLC, a Minnesota limited liability company ("Holder").

### RECITALS

WHEREAS, 4315 Pine Warbler Properties LLC, a Minnesota limited liability company ("Maker") has made a Promissory Note of even date to the order Holder in the principal amount of $1,250,000.00 (as amended, restated, supplemented, replaced, or extended from time to time, the "Note"); and

WHEREAS, all capitalized but undefined terms used in this Guaranty shall have the meanings given in the Note; and

WHEREAS, as a condition to the Note, Holder requires Guarantor to execute this Guaranty; and

WHEREAS, Guarantor has a direct ownership interest in Maker and will benefit from the Note and upon the request of and as an accommodation to Maker, Guarantor has agreed to execute this Guaranty.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Guarantor and Holder hereby agree as follows:

1. <u>Guaranty</u>.  Guarantor hereby absolutely, irrevocably, and unconditionally guarantees to Holder, its successors and assigns, the full and prompt payment (whether at stated maturity, by acceleration, or otherwise) of the Guaranteed Obligations and performance of the Guaranteed Obligations, strictly in accordance with the terms of this Guaranty and the Note. The term "<u>Guaranteed Obligations</u>" as used in this Guaranty shall mean:

    (a) Payment of the Note and any other indebtedness, obligations, fees, and costs due and owing from Maker to Holder under the Note;

    (b) Performance of all covenants, conditions, and obligations of Maker under the Note;

    (c) Payment and performance of all obligations of Guarantor under this Guaranty;

    (d) Payment and performance of all future advances and other obligations of Maker to Holder under the Note; and

1

(e)     Payment and performance of all modifications, amendments, extensions, and renewals, however evidenced, of any of the Guaranteed Obligations.

2.     <u>Right to Amend or Modify Guaranteed Obligations and/or Collateral</u>.  Guarantor authorizes Holder, at its sole discretion, with or without notice and without affecting Guarantor's liability hereunder, from time to time to:  (a) change the time or manner of payment of any Guaranteed Obligation by renewal, extension, modification, acceleration, or otherwise; (b) alter or change any provision of any Guaranteed Obligation including, but not limited to, the rate of interest thereon, and any document, instrument or agreement (other than this Guaranty) evidencing, guaranteeing, securing or related to any Guaranteed Obligation; (c) release, discharge, exonerate, substitute, or add one or more parties liable on any Guaranteed Obligation or one or more endorsers, cosigners or guarantors for any Guaranteed Obligation; (d) obtain collateral for the payment of any Guaranteed Obligation or any guaranty thereof; (e) release existing or after-acquired collateral on such terms as Holder, in its sole discretion, shall determine; (f) apply any sums received from any Maker, any endorser, cosigner, other guarantor, or other person liable on any Guaranteed Obligation or from the sale or collection of collateral or its proceeds to any Guaranteed Obligation whatsoever owed or to be owed to Holder by Maker in any order or amount and regardless of whether or not such Guaranteed Obligation is guaranteed by this Guaranty, is secured by collateral or is due and payable; (g) apply any sums received from Guarantor or from the sale of collateral granted by Guarantor to any Guaranteed Obligation in any order or amount regardless of whether such Guaranteed Obligation is secured by collateral or is due and payable.

3.     <u>Waivers</u>.  Guarantor hereby unconditionally and irrevocably acknowledges and agrees to the matters set forth below:

(a)     <u>Election of Remedies</u>.  Guarantor waives any defense based upon Guarantor's loss of a right against Maker arising from Holder's election of a remedy on any Guaranteed Obligation under bankruptcy or other debtor relief laws or under any other laws, including, but not limited to, those purporting to reduce Holder's right against Guarantor in proportion to the principal amount of the Guaranteed Obligations.  Without limiting the generality of the foregoing, Guarantor waives all rights and defenses arising out of an election of remedies by Holder, even though that election of remedies, such as a nonjudicial foreclosure with respect to security for a Guaranteed Obligation, may have destroyed Guarantor's rights of subrogation and reimbursement against Maker.

(b)     <u>Statute of Limitations</u>.  To the maximum extent permitted by law, Guarantor waives the benefit of the statute of limitations affecting Guarantor's liability under, or the enforcement of, this Guaranty.

(c)     <u>Action Against Maker and Collateral</u>.  Guarantor waives all right to require Holder to:  (i) proceed against Maker, any endorser, cosigner, other guarantor, or other person liable on any Guaranteed Obligation; (ii) join Maker or any endorser, cosigner, other guarantor or other person liable on any Guaranteed Obligation in any action or actions that may be brought and prosecuted by Holder solely and separately against the Guarantor on any Guaranteed Obligation; (iii) proceed against any item or

items of collateral securing any Guaranteed Obligation or any guaranty thereof; or (iv) pursue or refrain from pursuing any other remedy whatsoever in Holder's power.

        (d)    <u>Maker's Defenses</u>. Guarantor waives any defense arising by reason of any disability or other defense of Maker, Maker's successors or any endorser, cosigner, other guarantor or other person liable on any Guaranteed Obligation including, without limitation, any statute of limitation defense that may be available to Maker or such other Person. Until all Guaranteed Obligations have been paid in full, even though it may be in excess of the liability incurred hereby and Holder has no further commitment to lend or extend financial accommodations to Maker, Guarantor shall not have any right of subrogation and Guarantor waives any benefit of and right to participate in any collateral now or hereafter held by Holder. Guarantor waives all presentments, demands for performance, notices of nonperformance, protests, notices of protest, notices of dishonor, notices of sale of any collateral securing any Guaranteed Obligation or any guaranty thereof, and notice of the existence, creation or incurring of new or additional Guaranteed Obligations.

        (e)    <u>Maker's Financial Condition</u>. Guarantor hereby recognizes, acknowledges and agrees that advances may be made from time to time with respect to any Guaranteed Obligation without authorization from or notice to the Guarantor even though the financial condition of Maker, any endorser, cosigner, other guarantor or other person liable on any Guaranteed Obligation may have deteriorated since the date of this Guaranty. Guarantor waives all right to require Holder to disclose any information with respect to: any Guaranteed Obligation; the financial condition, credit or character of Maker, any endorser, cosigner, other guarantor or other person liable on any Guaranteed Obligation; any collateral securing any Guaranteed Obligation or any guaranty thereof; or any action or inaction on the part of Holder, Maker or any endorser, cosigner, other guarantor or other person liable on any Guaranteed Obligation. Guarantor hereby assumes the responsibility for being informed of the financial condition, credit and character of Maker and of all circumstances bearing upon the risk of non-payment of any Guaranteed Obligation which diligent inquiry would reveal.

    4.    <u>Right of Set-off; Grant of Security Interest</u>. In addition to all liens upon and rights of set-off against any monies, securities, or other property of Guarantor given to Holder by law, Holder shall have a security interest in and a right to set off against all monies, securities, and other property of Guarantor now or hereafter in the possession of or on deposit with Holder, whether held in general or special account or deposit or for safekeeping or otherwise; and each such security interest and right of set-off may be exercised without demand upon or notice to Guarantor. No action or inaction by Holder with respect to any security interest or right of set-off shall be deemed a waiver thereof and every right of set-off and security interest shall continue in full force and effect until specifically released by Holder in writing. The security interest created hereby shall secure all of Guarantor's obligations under this Guaranty.

    5.    <u>Subordination</u>. Any indebtedness of Maker or any endorser, cosigner, other guarantor or other person liable on any Guaranteed Obligation now or hereafter owed to Guarantor is hereby subordinated to the Guaranteed Obligations. Such indebtedness owed to

Guarantor shall, if Holder so requests, be collected, enforced and received by Guarantor as trustee for Holder and be paid over to Holder on account of the Guaranteed Obligations but without reducing or affecting in any manner the liability of Guarantor set forth in this Guaranty. Should Guarantor fail to collect the proceeds of any such indebtedness owed to Guarantor and pay the proceeds to Holder, Holder, as Guarantor's attorney-in-fact, may do such acts and sign such documents in Guarantor's name as Holder considers necessary to effect such collection, and Guarantor hereby appoints Holder as Guarantor's attorney-in-fact for such purposes.

6. <u>Invalid, Fraudulent, or Preferential Payments</u>. Guarantor agrees that, to the extent any Maker or any endorser, cosigner, other guarantor or other person liable on any Guaranteed Obligation makes a payment or payments to, or is credited for any payment or payments made for or on behalf of Maker to Holder, which payment or payments, or any part thereof, is subsequently invalidated, determined to be fraudulent or preferential, set aside or required to be repaid to any trustee, receiver, assignee or any other party whether under any bankruptcy, state or federal law or under any common law or equitable cause or otherwise, then, to the extent thereof, the obligation or part thereof intended to be satisfied thereby shall be revived, reinstated and continued in full force and effect as if such payment or payments had not originally been made or credited.

7. <u>Independent Obligations</u>. Guarantor's obligations under this Guaranty are independent of the obligations of Maker or any endorser, cosigner, other guarantor or other person liable on any Guaranteed Obligation and a separate action or actions may be brought and prosecuted against Guarantor on any Guaranteed Obligation.

8. <u>Events of Default</u>. Holder may declare Guarantor to be in default under this Guaranty upon the occurrence of any of the following events ("<u>Events of Default</u>"):

(a) The occurrence of any event designated as an "Event of Default" under the Note or Mortgage; or

(b) Guarantor fails to perform any of its obligations under this Guaranty, including paying the Guaranteed Obligations when due; or

(c) Guarantor attempts to revoke this Guaranty or this Guaranty becomes ineffective for any reason; or

(d) any representation or warranty made or given by Guarantor to Holder proves to be false or misleading in any material respect; or

(e) Guarantor becomes insolvent or the subject of any bankruptcy proceeding or other debtor relief proceeding; or

(f) Guarantor dies or is declared incompetent by a court of competent jurisdiction.

If an Event of Default shall occur, then or at any time thereafter while such Event of Default shall continue, Holder may declare all Guaranteed Obligations of the Guarantor hereunder to be due and payable, in which event the Guarantor shall provide for immediate payment of all Guaranteed Obligations, and Holder may proceed to enforce this Guaranty in accordance with the terms and provisions of this Guaranty and pursue all rights and remedies as provided by applicable law.

9. <u>Acknowledgment of Receipt</u>. Receipt of a true copy of this Guaranty is hereby acknowledged by Guarantor. Guarantor understands and agrees that this Guaranty shall not constitute a commitment of any nature whatsoever by Holder to renew or hereafter extend credit to Maker. Guarantor agrees that this Guaranty shall be effective with or without notice from Holder of Holder's acceptance of this Guaranty.

10. <u>Non-Reliance</u>. In executing this Guaranty, Guarantor is not relying, and has not relied, upon any statement or representation made by Holder, or any employee, agent or representative of Holder, with respect to the status, financial condition or other matters related to Maker or the relationship between Maker and Holder.

11. <u>Multiple Guaranties</u>. If Guarantor has executed or does execute more than one guaranty of the Guaranteed Obligations of Maker to Holder, the limits of liability thereunder and hereunder shall be cumulative.

12. <u>Irrevocable Guaranty</u>. This Guaranty is an irrevocable, continuing guaranty.

13. <u>Assignment</u>. Holder may, with or without notice, assign this Guaranty in whole or in part. This Guaranty shall inure to the benefit of Holder, its successors and assigns, and shall bind Guarantor and Guarantor's heirs, executors, administrators, successors and assigns.

14. **<u>Waiver of Jury Trial</u>. <u>Guarantor and Holder hereby expressly waive any and all rights, whether arising under the state constitution, any rules of civil procedure, common law or otherwise, to demand a trial by jury in any action, matter, claim or cause of action whatsoever arising out of or in any way related to this Guaranty or any other agreement, document or transaction contemplated hereby whether with respect to contract claims, tort claims, or otherwise. Without limiting the foregoing, Holder and Guarantor further agree that their respective right to a trial by jury is waived by operation of this section as to any action, counterclaim or other proceeding which seeks, in whole or in part, to challenge the validity or enforceability of this Guaranty or any provision of this Guaranty. This waiver shall apply to any subsequent amendments, renewals, supplements or modifications to this Guaranty.</u>**

15. <u>Notices</u>. Unless otherwise expressly provided in this Guaranty, all notices, certificates, requests, demands and other communications provided for hereunder shall be in writing and shall be mailed, e-mailed, or delivered to the address or e-mail address set forth below or to such other address as shall be designated by such party in a notice to the other parties. All such notices and other communications shall be deemed to be given or made upon the earlier to occur of (i) actual receipt by the intended recipient and (ii) (A) if delivered by hand

5

or by courier, upon delivery; (B) if delivered by mail, four (4) Business Days after deposit in the mail, postage prepaid; and (C) if delivered by electronic mail, when sent and receipt of delivery is received by the sender; provided, however, that notices and other communications to Holder shall not be effective until actually received by Holder.

If to Guarantor:   Ed Mylett

Email: Edwardmylett@yahoo.com
9 Laginitus, Laguna Beach CA 92651

If to Holder:   Northwoods Management LLC
Attn: Matt Onofrio
2602 Jeanne Lane
Eau Claire, WI 54703
onofriomatt@gmail.com

16.   **Miscellaneous**.

   (a)   <u>Governing Law</u>.  This Guaranty shall be governed by and construed according to the internal laws of the State of Minnesota without regard to conflict of law principles.  With respect to any suit, action or proceeding relating to this Guaranty, each party irrevocably (i) submits to the non-exclusive jurisdiction of the state and federal courts located in Minnesota, and (ii) waives any objection which it may have at any time to the laying of venue of any proceedings brought in any such court, waives any claim that such proceedings have been brought in an inconvenient forum and further waives the right to object, with respect to such proceedings, that such court does not have jurisdiction over such party.  Nothing in this Guaranty shall preclude any party from bringing proceedings in any other jurisdiction nor will the bringing of proceedings in any one or more jurisdictions preclude the bringing of proceedings in any other jurisdiction.

   (b)   <u>Headings</u>.  The headings used herein are solely for the purpose of identification and have no legal significance.

   (c)   <u>Entire Agreement</u>.  This Guaranty constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior agreements and undertaking both written and orally between the parties with respect to the subject matter contained in this Guaranty.

   (d)   <u>Severability</u>.  Should any one or more provisions of this Guaranty be determined to be illegal or unenforceable, all other provisions shall remain effective.

   (e)   <u>Waivers and Amendments</u>.  This Guaranty may be waived, modified, amended, terminated, or discharged only explicitly in writing executed by Holder and Guarantor.  A waiver so signed shall be effective only in the specific instance and for the specific purpose given.

(f) <u>Drafting of Agreement</u>. This Guaranty, as a matter of convenience for all parties, has been prepared by Holder. The parties agree that in the event of any ambiguity in this Guaranty, such ambiguity shall not be construed against Holder.

(g) <u>Interpretation</u>. As used in this Guaranty, neuter terms include the masculine and feminine, and vice versa. The meanings of defined terms are equally applicable to the singular and plural forms of the defined terms.

(h) <u>Attorneys' Fees</u>. Guarantor shall pay to Holder all costs and expenses, including, but not limited to reasonable attorney fees, incurred by Holder in connection with the administration, enforcement, including any bankruptcy, at trial and on appeal, or the enforcement of any judgment or any refinancing or restructuring of the Guarantor's obligations under this Guaranty or any document, instrument of agreement executed with respect to, evidencing or securing the indebtedness hereunder.

(i) <u>Counterparts</u>. This Guaranty may be executed in any number of counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same agreement.

(j) <u>Signatures</u>. By signing this Guaranty, Guarantor affirms Guarantor has reviewed this Guaranty in full, agrees to the terms contained in this Guaranty, and has received a final copy of this Guaranty.

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the date first above written.

GUARANTOR:

_____
Ed Mylett